3. The policy of the law is to treat the deposits as the property of the stock holders and not of the association, as is indicated by 9675 GC. which requires stockholders to list as credits for taxation the true value of their shares in money.

4. The receiver of the Lincoln Housing Assoc. could not allow the claim of the intervening petitioner for the sum total of amounts paid to the Lincoln Assoc. by these stockholders; and at the same time allow the claims of the indiviudal stockholders for the amount each one had paid.

Judgment dismissing the intervening petition.

Attorneys—Taft, Stettinius & Hollister for receiver of Estate Assoc; Heintz & Heintz for receiver of Lincoln Assoc.; all of Cincinnati.

---

No. 798

LOHMAN v. PIONEER PRODUCTS CO.

Montgomery Common Pleas

Decided Oct. 28, 1925

331. CREDITORS — A manufacturer's agent is not entitled to preference for commissions due him as for labor by virtue of 8339 GC. which gives preference for "labor performed" within three months prior to the appointment of a receiver.

SNEDIKER, J.

In the above entitled case, an intervening petition was interjected by one McDermont, against the Pioneer Products Co., which company was in the hands of receivers. McDermott acted as agent for the Company in Chicago and claimed commissions for his services which he desired by his petition to be made preferable.

McDermont relied upon 8339 GC. which allows a laborer preference out of the trust fund of an employer, for claims due and performed within a period of three months prior to the appointment of an assignee, receiver or trustee. The Montgomery Common Pleas upon hearing held:

1. The question here is whether the work done by McDermont under his employment was "labor performed" as intended by 8339 GC.

2. Section 8339 GC. provides in part that "Laborers and employees of any persons - - - shall have a lien - - - - etc."

3. By the language thus used it is not difficult to determine that "labor performed" was intended to be such labor as was manual.

4. The word labor is usually employed to signify manual exertion of a toilsome nature; and this is the meaning that must be given to it unless it is plainly used in a more enlarged or restricted sense. 2 OS. 387.

5. McDermont, does not therefore, come within the provisions of 8339 GC. and his prayer to be considered a preferred creditor is denied.

Prayer of petition denied.